People, Plaintiff and Appellee, *v.* Escobar, Defendant and Appellant.

Appeals from the District Court of Ponce in Prosecutions for Adulteration of Milk.

Nos. 2322 and 2323.—Decided November 28, 1924.

Public Health—Adulteration of Milk—Pleading.—An information is sufficient if it alleges that the defendant "unlawfully, wilfully and purposely adulterated cow's milk for sale." The preposition "for" used after the phrase "adulterated cow's milk" and before the word "sale" is equivalent to the phrase "with the intention to offer the same for" required by the statute to show the commission of the offense in one of the several statutory forms.

The facts are stated in the opinion.
*Mr. D. Sepúlveda* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In these two cases Juan Escobar was accused of having "unlawfully, wilfully and intentionally adulterated cow's milk for sale." He was sentenced to ten days in jail in the first case and five days in jail in the second case.

He appealed from the judgments, assigning as the only error in both appeals that the facts alleged in the information did not constitute a public offense.

The law applicable is contained in section 1 of the Act of 1910 to provide a punishment for adulterating milk or offering or keeping the same for sale, Compilation of 1911, p. 924, which, in so far as pertinent, reads as follows: "Every person who adulterates  *  *  *  milk with the intent to offer the same for sale  *  *  *."

The appellant contends that as the information does not contain the words "with the intent to offer the same," it does not follow the language of the statute and is, therefore, fatally defective. He cites the cases of People v. Birrier, 18 P.R.R. 260; People v. Pizarro, 21 P.R.R. 17, and People v. Wys, 25 P.R.R. 473.

To constitute the offense the mere adulteration of the milk is not sufficient. It is necessary that it be adulterated "with the intent to offer the same for sale." About this there is no doubt. The question is whether the word "for" which connects the words "milk" and "sale" is equivalent to the phrase "with the intent to offer the same."

The dictionaries define the word "for" as a preposition indicating the end with reference to which anything is, acts, serves, or is done.

Therefore, it is evident that the information means in plain language that the purpose or object of the act of the defendant in adulterating the milk was to sell it, and this meaning clearly included the allegation that the adulteration was made with the intention of offering the milk for sale.

The only error assigned not having been shown, the judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.